THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RANDALL THOMAS NAVES,<br><br>     Plaintiff,<br><br>v.<br><br>UINTAH COUNTY JAIL et al.,<br><br>     Defendants. | **MEMORANDUM DECISION &**<br>**ORDER TO CURE DEFICIENT**<br>**AMENDED COMPLAINT**<br><br>Case No. 4:20-CV-115-DN<br><br>District Judge David Nuffer |

Plaintiff, Randall Thomas Naves, brings this *pro se* prisoner civil-rights action, *see* 42 U.S.C.S. § 1983 (2021).[1] Having now screened the Amended Complaint, (ECF No. 11), under its statutory review function,[2] the Court orders Plaintiff to file a second amended complaint to cure

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2021).

[2] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2021).

deficiencies before further pursuing claims. Plaintiff also requests preliminary injunctive relief

and other action.

## AMENDED COMPLAINT DEFICIENCIES

Amended Complaint:

**(a)** improperly names Uintah County Jail as § 1983 defendant, when it is not independent legal entities that can sue or be sued. *See Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at *5 (W.D. Okla. Mar. 7, 2018) (stating correctional facilities "not suable entities in a § 1983 action").

**(b)** appears to inappropriately allege civil-rights violations on respondeat-superior theory (e.g., Defendants Labrum and Larson).

**(c)** does not attempt names or detailed descriptions of John and Jane Doe defendants.

**(d)** does not appear to state proper legal-access claim. (See below.)

**(e)** does not affirmatively link Defendants Labrum and Larson to allegations of civil-rights violation. (See below.)

**(f)** improperly asserts retaliation claim. (See below.)

**(g)** alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2021), reading, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

**(h)** appears to be supplemented piecemeal with potential claims and information in documents filed after Amended Complaint, which claims and information should be included in second amended complaint, if filed, and will not be treated further by Court unless properly included.

**(i)** has claims possibly based on conditions of current confinement; however, complaint was apparently not submitted using legal help Plaintiff entitled to by his institution under Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

2

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing a second amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

---

[3]The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is

(ii) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iii) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

(iv) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

---

required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

(v) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vi) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2020). However, Plaintiff need not include grievance details in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Legal Access**

The Court notes that Plaintiff's claim(s) may involve legal access. As Plaintiff fashions the amended complaint, Plaintiff should keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide legal access by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim."

*Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54

F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of

access to the court prejudiced h[er] in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194

(10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil

rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*,

518 U.S. 343, 353-55 (1996).

• **Affirmative Link**

> [A] plaintiff who brings a constitutional claim under § 1983 can't
> obtain relief without first satisfying the personal-participation
> requirement. That is, the plaintiff must demonstrate the defendant
> "personally participated in the alleged constitutional violation" at
> issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).
> Indeed, because § 1983 is a "vehicle[] for imposing personal
> liability on government officials, we have stressed the need for
> careful attention to particulars, especially in lawsuits involving
> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th
> Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250
> (10th Cir. 2008) (explaining that when plaintiff brings §
> 1983 claims against multiple defendants, "it is particularly
> important . . . that the complaint make clear exactly *who* is alleged
> to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*,
> 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's
> analysis of plaintiff's § 1983 claims was "infirm" where district
> court "lump[ed]" together plaintiff's claims against multiple
> defendants--"despite the fact that each of the defendants had
> different powers and duties and took different actions with respect
> to [plaintiff]"--and "wholly failed to identify specific actions taken
> by particular defendants that could form the basis of [a
> constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."

*Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it

will render the plaintiff's claim frivolous." *Id*.

### • Retaliation

"It is well-settled that '[p]rison officials may not retaliate against or harass an

inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627

F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.

1990)). To show retaliation, Plaintiff must allege three elements: (1) Plaintiff was involved in

"constitutionally protected activity"; (2) defendant's behavior injured Plaintiff in a way that

"would chill a person of ordinary firmness from continuing to engage in that activity"; and (3)

defendant's injurious behavior was "substantially motivated" as a reaction to Plaintiff's

constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

### PRELIMINARY INJUNCTIVE RELIEF

The Court evaluates Plaintiff's motion for preliminary injunctive relief. Plaintiff asks for

an order that he not be removed from Uintah County Jail. (ECF No. 12.)

Plaintiff, however, has not specified adequate facts showing each of the four elements

necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2)
> irreparable harm in the absence of the injunction; (3) proof that the
> threatened harm outweighs any damage the injunction may cause
> to the party opposing it; and (4) that the injunction, if issued, will
> not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v.*

*Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court has carefully reviewed Plaintiff's pleadings and motion for injunctive relief and concludes Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction.

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint," that does not refer to or include any other document.

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if he wishes to pursue a second amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** Plaintiff *shall not* try to serve Second Amended Complaint on Defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2021) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

**(5)** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the

clerk's office immediately of any change in address, email address, or telephone number.").
Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P.
41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a
defendant may move to dismiss the action or any claim against it. Unless the dismissal order
states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--
except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--
operates as an adjudication on the merits.").

**(6)**  Extensions of time are disfavored, though reasonable extensions may be granted. Any
motion for time extension must be filed no later than **fourteen days** before the deadline to be
extended.

**(7)** No direct communication is to take place with any judge. All relevant information, letters,
documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

**(8)** Plaintiff's motion to have his first name corrected to "Randall" is **GRANTED**. (ECF No. 4.)
The Clerk of Court shall correct the docket to show Plaintiff's first name as "Randall."

**(10)** Plaintiff's motion for preliminary injunctive relief is **DENIED**.  (*See* ECF No. 12.)

**(11)** Plaintiff's motion to appear remotely is **DENIED** as premature and subject to Court
discretion in any case. (ECF No. 19.) At this time, no need for Plaintiff to appear is anticipated.

**(12)** Plaintiff's motion for service of process is **DENIED** and need not be renewed as explained
above. (ECF No. 20.)

**(13)** Plaintiff's motion for scheduling conference and discovery is **DENIED** as premature. (ECF
No. 24.) There is no valid complaint on file as of this Order.

**(14)** Plaintiff's motion for entry of default judgment is **DENIED**. (ECF No. 29.) In this case in which Plaintiff's motion to proceed *in forma pauperis* was granted, the Court (not Plaintiff) determines whether it will effect service of process, which would trigger answers that are not yet required when there is no valid complaint on file.

Dated June 7, 2021.

BY THE COURT:

David Nuffer
United States District Judge