THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RANDALL THOMAS NAVES,<br><br>            Plaintiff,<br><br>v.<br><br>UINTAH COUNTY JAIL et al.,<br><br>            Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 4:20-CV-115 DN<br><br>District Judge David Nuffer |

After Plaintiff filed this *pro se* civil-rights suit, 42 U.S.C.S. § 1983 (2021), *in forma pauperis*, *see* 28 *id.* § 1915, Plaintiff twice amended his complaint, (ECF Nos. 10, 11, 33). But before Plaintiff filed his second amended complaint, the Court gave him comprehensive and specific guidance on the amended complaint's deficiencies and how his allegations fell short. (ECF No. 32.)

The Order with guidance stated: "Plaintiff must . . . cure the Amended Complaint's deficiencies . . . by filing a document entitled, 'Second Amended Complaint,' that does not refer to or include any other document"; and "[i]f Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." (*Id.* at 8.)

The Second Amended Complaint, (ECF No. 33), has now been screened under the Court's statutory review authority, 28 U.S.C.S. § 1915A (2021). Plaintiff names the following Uintah County Jail (UCJ) defendants: Jail Commander Irene Brown and Sgt. Sharity Schiltz (ECF No. 33.) Specifically, he asserts that Defendants delayed mailing to the Utah Supreme

Court his brief/certiorari petition that he requested to be sent. (ECF No. 33, at 4.) Plaintiff's allegations that he has been denied legal access do not state a federal constitutional claim. Dismissal is therefore appropriate, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915A(b)(1) (2021).

## ANALYSIS

### I. Standard for Sufficiency of a Complaint

When deciding if a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

A court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II. Plaintiff Fails to State a Legal Access Claim.

In its Order giving Plaintiff guidance on how to state a proper legal-access claim, the Court set forth the following information:

> The Court notes that Plaintiff's claim(s) may involve legal access. As Plaintiff fashions the amended complaint, Plaintiff should keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to

3

> provide legal access by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).
>
> However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of access to the court prejudiced h[er] in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

(ECF No. 32.)

Plaintiff's allegations fall short as to the requirement that he must allege the delay to get his brief/certiorari petition sent to the Utah Supreme Court "prejudiced" him in pursuing "a nonfrivolous claim" in a "habeas corpus or civil rights action[] regarding current confinement." *See Penrod*, 84 F.3d at 1403; *Carper*, 54 F.3d at 616. Plaintiff's relevant allegations are as follows: On September 14, 2020, Plaintiff gave, to a UCJ caseworker, twelve envelopes, each containing a copy of his supreme court brief/certiorari petition. (ECF No. 33, at 3.) He does not specify the kind of case he was trying to file. The caseworker gave the envelopes to either Defendant Brown or Defendant Schiltz. (*Id.*) When Plaintiff realized that the ten envelopes meant for the Supreme Court had not been sent, he contacted Defendant Schiltz to inquire. (*Id.* at 4.) Those inquiries led to the envelopes being sent to the Supreme Court on October 9, 2020. (*Id.*)

Plaintiff does not acknowledge a crucial detail that is fatal to his attempt to state a cause of action: He never says the brief/certiorari petition arrived too late, or after the supreme-court deadline. So he was not prejudiced by Defendants' delay. Plaintiff further admits that, when his certiorari petition was later denied by the Supreme Court (without opinion), "the date [Plaintiff] included on [his brief] for submission (14 September, 2020)" was "acknowle[dged]." (*Id*. at 6.) Indeed, the Supreme Court's decision stated, "This matter is before the Court upon a Petition for Writ of Certiorari, filed on September 14, 2020." (ECF No. 33-8, at 2.) That is the date upon which Plaintiff requested that his envelopes be sent to the court. (ECF No. 33, at 3.) Under these facts, it seems likely that the Utah Supreme Court applied Utah's version of the prisoner "mailbox rule," which states, "Documents filed by an inmate are timely filed if they are deposited in the institution's internal mail system on or before due date." Utah R. App. P. 21(g)(2). But whatever the reason, Plaintiff's certiorari petition was deemed filed in the Utah Supreme Court on the very date he sought to send it--September 14, 2020.

Plaintiff goes on to irrationally suggest prejudice to him may be possible because the opposing party's "response brief . . . reached the supreme court first; a reversal of order which could be seen as prejudicial to [Plaintiff's] cause."[1] (ECF No. 33, at 6.) However, this Court assumes that the Utah Supreme Court was able to capably and adequately review the parties' timely filings, without favoring one over the other based on the order in which they were received.

---

[1] This likely happened because UCJ sent the first 2 (of 12) envelopes with copies of Plaintiff's brief (petition for certiorari) to the opposing party's counsel, instead of to the Utah Supreme Court. (ECF No. 33-4, at 2.)

Plaintiff goes on to urge, "Regardless of the merits or outcome of the case that [Plaintiff] was submitting to the Utah Supreme Court, the fact remains, <u>documented</u>, that the plaintiff's legal mail was withheld from the court by the defendant(s) for 24 days before being conveyed to the court." (*Id.* (underline in original).) But it is vitally important--in fact, decisive--what the merit or outcome of the claims he submitted to the Supreme Court were. For Plaintiff to properly state a claim here, the case brought before the Supreme Court had to be nonfrivolous. Yet the quick denial of certiorari review without opinion (forty-seven days from filing to denial) belies the notion that Plaintiff's claims had merit, or were not frivolous. Further, Plaintiff never states that the subject matter of his supreme court case was related to a "habeas corpus or civil rights action[] regarding current confinement." *Carper*, 54 F.3d at 616.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Second Amended Complaint, (ECF No. 33), is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2021), for failure to state a claim upon which relief may be granted. Three iterations of the complaint, (ECF Nos. 10, 11, 33), and the Court's guidance on curing deficiencies, (ECF No. 32), have not resulted in improved validity of the pleading. Neither liberal interpretation of Plaintiff's claims nor further opportunity to amend would lead to a different result.

This action is **CLOSED**.

Dated January 27, 2022.

BY THE COURT:

David Nuffer
United States District Judge